UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON M. TREMBATH, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| *vs.* | ) No. 1:17-cv-01285-JMS-DML |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| UNTERBERG & ASSOCIATES, P.C., and | ) |
| CODILIS LAW, LLC, | ) |
| | ) |
| *Defendants*. | ) |

## ORDER

This case arises out of collection of a delinquent mortgage and promissory note in connection with property located in Lafayette, Indiana. On June 21, 2017, the Court ordered the parties to show cause why this matter should not be transferred to the Northern District of Indiana. [Filing No. 18.] Plaintiff Aaron M. Trembath replied opposing the proposed transfer. Defendants Wells Fargo Bank, N.A., Unterberg & Associates, P.C., and Codilis Law, LLC replied requesting the Court grant the Motion to Dismiss, or in the alternative, transfer the case. All parties have responded and the matter is now ripe for the Court's review. Having considered the parties' submissions and all relevant factors, the Court now concludes that venue in the Southern District of Indiana is improper and the matter shall be transferred to the Northern District of Indiana.

### I.
#### BACKGROUND

On April 24, 2017, Aaron M. Trembath filed a complaint for damages against Wells Fargo Bank, N.A. ("Wells Fargo"), Unterberg & Associates, P.C. ("Unterberg"), and Codilis Law, LLC ("Codilis Law"). [Filing No. 1 at 1.] Mr. Trembath alleges a violation of the Fair Debt Collection

1

Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-1, *et seq*. [Filing No. 1 at 1.] The allegations arise out of a lawsuit against Mr. Trembath filed by Codilis Law on behalf of Wells Fargo on November 14, 2016 in Tippecanoe County Circuit County to collect on a delinquent mortgage and promissory note. [Filing No. 1 at 2.]

On June 19, 2017, Wells Fargo filed a Motion to Dismiss, [Filing No. 14], alleging, among other things, that this Court lacks subject matter jurisdiction and that venue is improper because the property at issue is located in Lafayette, Indiana, which is located in the Northern District of Indiana. [Filing No. 15 at 4, 16.] Similarly, on June 19, 2017, Unterberg and Codilis Law jointly filed a Motion to Dismiss in which they also argue that venue in the Southern District of Indiana is improper. [Filing No. 17 at 2.]

On June 21, 2017, the Court issued an order for parties to submit responses on whether venue is proper, and, if not, whether the case should be dismissed or transferred to the Northern District of Indiana. [Filing No. 18.] All parties complied with the Order and filed briefs setting forth their various arguments on venue. [Filing No. 19; Filing No. 20; Filing No. 21.]

In addition, on July 19, 2017, Mr. Trembath filed an unopposed Motion for Leave to File a Sur-reply Brief, [Filing No. 22], which the Court will consider herein.

## II.
### DISCUSSION

**A. Mr. Trembath's Motion for Leave to File a Sur-reply Brief [Filing No. 22]**

Turning first to the issue of Mr. Trembath's Motion to for Leave to File a Sur-Reply Brief, he contends that new arguments were raised in the reply briefs. [Filing No. 22.] Mr. Trembath's Motion is unopposed by Defendants and speaks specifically to the issue of venue, which the Court has determined is "efficient" to decide as a threshold matter. [Filing No. 18 at 1.] As such,

Plaintiff's Motion for Leave to File Sur-Reply Brief [Filing No. 22.] is **GRANTED** and the Court will consider Mr. Trembath's proposed sur-reply brief, [Filing No. 22-1], in making its determination on the issue of venue.

### B. Whether Venue is proper in the Southern District of Indiana

Notwithstanding the numerous other arguments presented in the parties' filings, the relevant arguments relating to the issue of venue are stated herein.

Mr. Trembath did not make any specific allegations in regards to venue in his Complaint. [Filing No. 1.]

In its Motion to Dismiss, Well Fargo argues that "the Northern District of Indiana is the proper venue because the alleged events or omissions giving rise to the claim occurred there and the property that is the subject of the action is situated there." [Filing No. 15 at 17.] Further, "[Mr.] Trembath cannot establish that venue is proper in the Southern District of Indiana…." [Filing No. 15 at 17.]

Similarly, Unterberg and Codilis Law contend Mr. Trembath "does not allege that any of the defendants have their principal place of business in the Southern District of Indiana, or that any of the facts material to the subject litigation occurred in the Southern District of Indiana." [Filing No. 17 at 2.] Thus, "this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3)." [Filing No. 17 at 2.]

In response, Mr. Trembath contends that venue in the Southern District of Indiana is proper. First, Mr. Trembath argues "[b]y not challenging the Court's personal jurisdiction in their motions to dismiss, Defendants have waived this possible defense." [Filing No. 19 at 3.] Second, "[e]ven if Defendants are not found to have waived their right to contest personal jurisdiction" "[a]ll Defendants' contacts in this case have been long-term, continuous and systematic with the counties

that compromise the Southern District of Indiana such that Defendants should reasonably anticipate being hauled into the state's courts." [Filing No. 19 at 3, 5.]

Following the Court's Order, [Filing No. 18], Unterberg and Codilis Law reiterated that Mr. Trembath "neglects to cite a vital portion of the statute which states that a party 'shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…'" [Filing No. 20 at 1 (quoting 28 U.S.C. § 1391(c)(2)).] Unterberg and Codilis Law allege that Mr. Trembath "has not identified any alleged action taken against him by the defendants that took place in the Southern District of Indiana." [Filing No. 20 at 1.] Finally, Unterberg and Codilis Law argue "[t]he Southern District has no connection to the underlying actions… and the Northern District has a significant relationship to the controversy at hand." [Filing No. 20 at 5.]

Similarly, Wells Fargo responds that "[Mr.] Trembath cannot establish the Southern District has specific personal jurisdiction over Wells Fargo with respect to the [Indiana Deceptive Consumer Sales Act] claim." [Filing No. 21 at 5.] Moreover, "[a] disproportionate amount of Wells Fargo's business activities does not occur in this District and [Mr.] Trembath has not alleged any facts to demonstrate this is an 'exceptional case' in which Wells Fargo could be subject to general jurisdiction outside its state of incorporation and principal place of business…." [Filing No. 21 at 11.]

In Mr. Trembath's Sur-reply, he contends Wells Fargo, Unterberg, and Codilis Law "did not respond to the argument that they have waived the right to contest this Court's personal jurisdiction over them for venue purposes, and have therefore effectively conceded that they are subject to personal jurisdiction in the Southern District of Indiana." [Filing No. 22-1 at 4.] Additionally, "even if Wells Fargo is not a resident of the Southern District of Indiana," Mr.

4

Trembath contends that he "has shown venue is proper in this district pursuant to [28 U.S.C.] §1391(b)(1)." [Filing No. 22-1 at 4.] Further, "since all Defendants concede venue would be proper in the Northern District of Indiana and that court would have personal jurisdiction over all Defendants, all Defendants are deemed residents of the State of Indiana for venue purposes." [Filing No. 22-1 at 4.]

      Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

An entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil act in question." 28 U.S.C. § 1391(c)(2). 28 U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The weighing of factors for and against transfer involves a large degree of subtlety and latitude and is committed to the sound discretion of the trial court. *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).

      This Court agrees with Defendants that venue in the Southern District of Indiana is improper. Mr. Trembath states in his initial complaint that Wells Fargo has its principal place of business in South Dakota, Unterberg has its principal place of business in Indiana, and Codilis Law has its principal place of business in Illinois. [Filing No. 1 at 1-2.] All defendants do not

reside in the Southern District of Indiana. Therefore, venue is not found in the Southern District of Indiana under 28 U.S.C. § 1391(b)(1).

In addition, the subject of this suit involves default of a mortgage and promissory note in connection to property located in the Northern District of Indiana. [Filing No. 1 at 2.] Additionally, the mortgage and promissory note were signed with Lafayette Community Bank, which is also located in the Northern District of Indiana. [Filing No. 1 at 2.] No part of the acts or omissions giving rise to the claim occurred in the Southern District of Indiana. Therefore, venue is not found in the Southern District of Indiana under 28 U.S.C. § 1391(b)(2).

Finally, as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Indiana, an action may be brought in such district. Therefore 28 U.S.C. § 1391(b)(3) is inapplicable.

Accordingly, pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Indiana should hear the matter before the Court. As venue in the Southern District of Indiana is improper, this Court has the duty to dismiss or transfer the matter to any district in which venue is proper. 28 U.S.C. § 1406(a). The Court concludes that the interest of justice require transfer as opposed to dismissal.

### III.
#### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Sur-Reply Brief is **GRANTED.**

In addition, the Court directs the Clerk to **TRANSFER** this action to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1406(a). Wells Fargo's Motion to Dismiss, [Filing No. 14], and Unterberg and Codilis Law's Motion to Dismiss, [Filing No. 16], will remain pending for the transferee court to rule on, although they will be terminated

as a pending motions on this Court's docket. Any previously ordered dates and deadlines are **VACATED** and any other pending motions are **DENIED AS MOOT**.

Date: 9/12/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**